UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL JOHNSON AND MARY LEE JOHNSON,<br><br>            Plaintiffs,<br><br>    v.<br><br>J. RICHARD CREATURA, UNITED STATES MAGISTRATE JUDGE,<br><br>            Defendant. | No. C11-5057-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to dismiss. He is represented by Kayla C. Stahman. The plaintiffs are representing themselves.

**BACKGROUND**

On October 1, 2009, the Internal Revenue Service ("IRS") commenced an action in the United States District Court for the Western District of Washington by filing a pleading that is entitled "Petition for Judicial Approval of Levy Upon a Principal Residence." The IRS alleged Daniel Johnson and Mary Lee Johnson ("the Johnsons") had failed to pay federal income tax. The IRS sought permission to collect the allegedly unpaid tax by means of an administrative levy upon the Johnsons' residence. The case was assigned to Magistrate Judge J. Richard Creatura. The Johnsons filed a responsive pleading that is entitled "Objection to Petition and Motion to Dismiss." On

ORDER - 1

November 10, 2009, Magistrate Judge Creatura held a hearing. The Johnsons were present. While the parties to this action have not provided a transcript of the hearing (which, of course, they are under no obligation to do), there are indications in the parties' papers that the Johnsons reiterated their objections at the hearing and demanded a jury trial. Magistrate Judge Creatura denied the Johnsons' request for a jury trial, overruled their objections, and granted the IRS' petition. On November 13th, Magistrate Judge Creatura entered an "Order Approving Levy." The same day, Magistrate Judge Creatura received a letter from Mr. Johnson. The letter bitterly criticized his rulings. The Johnsons did not appeal Magistrate Judge Creatura's order. Instead, on January 20, 2011, they filed an action against him pursuant to 42 U.S.C. § 1983. The seek money damages, declaratory relief, and injunctive relief on the ground he deprived them of rights secured by Fifth, Seventh, and Eighth Amendments to the Constitution.

   The Court has jurisdiction over the subject matter of the action. 28 U.S.C. § 1331. Personal jurisdiction is a different matter. Magistrate Judge Creatura denies he has been served properly under Federal Rule of Civil Procedure 4. Thus, the Court may lack personal jurisdiction. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.'" (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)). However, Magistrate Judge Creatura is not raising the issue of personal jurisdiction at this time. Instead, he moves to dismiss the

ORDER - 2

Johnsons' complaint on the ground he is immune from suit for damages. His motion is governed by Federal Rule of Civil Procedure 12(b)(6). *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied sub nom. Wojcik v. Meek*, 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 386 (1999).

**RULING**

The Johnsons are seeking several types of relief pursuant to 42 U.S.C. § 1983.  It is useful to begin with the text of § 1983.  The first sentence states in pertinent part:

> Every person who, **under color of any statute**, . . . **of any State** . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

(Emphasis added.)  One of the things a person must be able to prove in order to prevail under § 1983 is that "the conduct complained of was committed by a person acting under color of state law[.]" *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v.*

ORDER - 3

*Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 2258, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)).  For example, a state judge receives his authority from state law.  Thus, if a state judge deprives a person of a federal right, the person may be able to sue the judge under § 1983. *See, e.g., Meek*, 183 F.3d at 964 ("Donald L. Meek brought a section 1983 action against . . . two municipal court judges alleging that his First Amendment right to campaign for public office had been violated when he was constructively fired in retaliation for his seeking election to a municipal court judgeship.").  Unlike a state judge, Magistrate Judge Creatura does not receive his authority from state law.  He receives his authority from federal law.  28 U.S.C. § 631 *et seq*.  It was pursuant to federal law, not state law, that he was authorized to adjudicate the IRS' petition.  26 U.S.C. § 6334(e)(1)(A); 26 C.F.R. 301.6334-1(d)(1),(2).  Section 1983 does not provide a remedy for acts that are performed by a federal official pursuant to federal law.  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1387 (9th Cir.1987).  If the Johnsons have a remedy, it is under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  In that case, the "the Supreme Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'"  *Western Radio Services Co. v. United States Forest Service*, 578 F.3d 1116, 1119 (9th Cir.2009) (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937,

ORDER - 4

1947, 173 L.Ed.2d 868 (2009)), *cert. denied*, --- U.S. ----, 130 S.Ct. 2402, 176 L.Ed.2d 923 (2010). A lawsuit that is authorized by the *Bivens* case is, unsurprisingly, called a "*Bivens* action." *See Hartman v. Moore*, 547 U.S. 250, 254 n.2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006). A *Bivens* action is the federal analog to an action against state or local officials under § 1983. *Id.* (citation omitted). The fact the Johnsons have mistakenly requested relief pursuant to § 1983 does not necessarily mean their lawsuit must be dismissed. If they can state a claim for relief under *Bivens*, then they will be given an opportunity to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a).[1] However, while "leave to amend a deficient complaint shall be freely given when justice so requires, . . ., leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir.2010). The initial issue, then, is whether it would be futile for the Johnsons to assert a *Bivens* claim against Magistrate Judge Creatura.

The Johnsons seek money damages, declaratory relief, and injunctive relief. As a general rule, "a judge is immune from suit

---

[1]Under *Bivens*, a federal official may not be sued in his official capacity. *Ibrahim v. DHS*, 538 F.3d 1250, 1257 (9th Cir.2008). He may be sued only in his personal capacity. *See, e.g., Kreines v. United States*, 33 F.3d 1105, 1107 (9th Cir.1994), *cert. denied*, 513 U.S. 1148, 115 S.Ct. 1096, 130 L.Ed.2d 1064 (1995). The Johnsons' complaint does not indicate whether they are suing Magistrate Judge Creatura in his personal capacity or in his official capacity.

ORDER - 5

for money damages." *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  Not only is the judge immune from the assessment of damages, but also he is immune from a lawsuit itself.  *Id.* at 11, 112 S.Ct. 286.  The doctrine of judicial immunity exists, in part, to check the passions that frequently are aroused by litigation:

> Controversies involving not merely great pecuniary interests, but the liberty and character of the parties, and consequently exciting the deepest feelings, are being constantly determined in [trial] courts, in which there is great conflict in the evidence and great doubt as to the law which should govern their decision.  It is this class of cases which impose upon the judge the severest labor, and often create in his mind a painful sense of responsibility.  Yet it is precisely in this class of cases that the losing party feels most keenly the decision against him, and most readily accepts anything but the soundness of the decision in explanation of the action of the judge.  Just in proportion to the strength of his convictions of the correctness of his own view of the case is he apt to complain of the judgment against him, and from complaints of the judgment to pass to the ascription of improper motives to the judge.  When the controversy involves questions affecting large amounts of property or relates to a matter of general public concern, or touches the interests of numerous parties, the disappointment occasioned by an adverse decision, often finds vent in imputations of this character, and from the imperfection of human nature this is hardly a subject of wonder.  If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away.  Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to

ORDER - 6

> ascribe any character to the acts which would be essential to the maintenance of the action.

*Bradley v. Fisher*, 13 Wall. 335, 348-49, 20 L.Ed. 646 (1872). Allowing a disappointed and angry litigant to bring a lawsuit against the judge would undermine the proper administration of justice:

> For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful.

*Id.* at 347, 20 L.Ed. 646. Consequently, the necessity of judicial immunity has long been recognized in Anglo-Saxon jurisprudence. *Id.* at 347-49, 20 L.Ed. 646. Nevertheless, the Supreme Court has placed two significant limitations upon judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11, 112 S.Ct. 286 (citations omitted). Unless the Johnsons can demonstrate at least one of the preceding exceptions may apply, then the doctrine of judicial immunity bars their claim for money damages.

The applicability of the first exception turns upon the nature of the acts of which the Johnsons complain. Were they "judicial" in nature? "'[W]hether an act by a judge is a 'judicial' one relate[s]

ORDER - 7

to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" 502 U.S. at 12, 112 S.Ct. 286 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).  When the Johnsons appeared before Magistrate Judge Creatura for a hearing on their objections to the IRS' petition, they understood they were seeking relief from him in his capacity as a judicial officer.  During the course of the hearing, he considered their objections to the petition and their request for a jury trial.  In the end, not only did he decide their demand for a jury trial was unwarranted, but also he decided their objections lacked merit and the IRS was entitled to the relief it requested.  Decisions like these are decisions a judge makes in his judicial capacity.  The Johnsons acknowledge as much.  In their response to Magistrate Judge Creatura's motion to dismiss, they forthrightly concede, "The defendant's actions were clearly judicial in nature."  (Rebuttal to Motion to Dismiss at 1.)  The Johnson's concession confirms that which is plain.  The first exception does not apply.

   The applicability of the second exception turns upon the existence of jurisdiction.  Did Magistrate Judge Creatura have jurisdiction over the subject matter of the IRS' petition?  In *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the Supreme Court explained the term "jurisdiction" is construed broadly in this context:

ORDER - 8

> Because some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.

(Internal punctuation and citation omitted.)  The Johnsons do not argue Magistrate Judge Creatura "acted in the clear absence of all jurisdiction," nor could they credibly make such an argument. Congress has authorized magistrate judges to review and, when appropriate, grant petitions such as the one the IRS filed.  26 U.S.C. § 6334(e)(1)(A) ("A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence.").  Consequently, the second exception does not apply.

The Johnsons seem to acknowledge neither exception to the doctrine of judicial immunity applies.  Nevertheless, the urge the Court to withhold immunity from Magistrate Judge Creatura.  Granting him immunity, they argue, would be unjust because it would shield him from accountability for violating their constitutional rights. Although the Johnsons' argument may be heartfelt, it is misguided. Suing a judge for money damages is not the proper mechanism for challenging the correctness of his rulings.  Rather, the proper mechanism is an appeal.  Congress has long recognized federal judges occasionally make mistakes.  As a result, "Congress has provided

ORDER - 9

carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code.  Through these procedures, a litigant . . . receives full federal court review of allegations of deprivations of federal constitutional rights by federal judicial officers acting under color of federal law." *Mullis*, 828 F.2d at 1394.  It appears the Johnsons could have appealed, which would have given them an opportunity to challenge the correctness of Magistrate Judge Creatura's rulings.  *See, e.g., United States v. Pragasam*, No. 06-56691, 2007 WL 1731107 (9th Cir. June 15, 2007).  However, there is no indication the Johnsons appealed.  Having waived appellate review of Magistrate Judge Creatura's rulings, the Johnsons cannot reasonably complain that granting him immunity will unjustly deprive them of an opportunity to seek judicial redress for their grievances.[2]

---

[2]Other litigants may be in a better position to claim injustice.  As the Supreme Court has recognized, the doctrine of judicial immunity will, on occasion, deny a litigant any remedy for allegedly unconstitutional conduct on the part of a judge.  *See, e.g., Mireles*, 502 U.S. 10, 112 S.Ct. 286.  The fact the doctrine of judicial immunity produces a harsh outcome in certain cases does not mean the doctrine is unjust.  In assessing the doctrine, at least two interests must be balanced.  On the one hand, it is important to provide redress for constitutional violations.  On the other hand, it is important to maintain an independent judiciary.  The Supreme Court has weighed the competing interests and concluded justice is best served by granting immunity to judges subject to the two exceptions that were discussed above.  *Id.* at 9, 112 S.Ct. 286.

ORDER - 10

One question remains.  Besides money damages, the Johnsons seek an order restoring their former residence to them free of encumbrances, and they seek a permanent injunction barring the IRS from seeking to seize their residence by means of an administrative levy.  Are these types of relief also precluded by the doctrine of judicial immunity?  The Ninth Circuit answered this question in *Mullis v. United States Bankruptcy Court, supra*:

> [W]hen a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief.  The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.

828 F.2d at 1394.  In view of this holding, the Johnsons remaining requests for relief are also barred.

**SUMMARY**

The Johnsons have filed suit against Magistrate Judge Creatura under 42 U.S.C. § 1983.  They allege he violated the Constitution during November of 2009 by authorizing the IRS to collect allegedly unpaid federal income tax by means of an administrative levy upon their residence.  The Johnsons are not entitled to relief under § 1983 because Magistrate Judge Creatura did not act under color of state law; he acted under color of federal law.  If the Johnsons have a remedy, it is under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra*.  However, it would be futile to offer them

ORDER - 11

an opportunity to file an amended complaint seeking relief under *Bivens* because any type of relief they could request would be barred by the doctrine of judicial immunity. Since there is no claim the Johnsons may assert against Magistrate Judge Creatura for which relief may be granted, their complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

    **IT IS HEREBY ORDERED:**

    1. The defendant's motion to dismiss (**Ct. Rec. 5**) is **granted**. The plaintiffs' complaint is dismissed with prejudice.

    2. The Clerk of the Court shall enter judgment in accordance with this order.

    **IT IS SO ORDERED.** The Clerk of the Court is hereby directed to enter this order, furnish copies to the plaintiffs and to counsel for the defendant, and close the case.

    **DATED** this ___7th___ day of April, 2011.

                                       s/Fred Van Sickle
                                             Fred Van Sickle
                              Senior United States District Judge